■ THERESA TERLIZZI, Appellant, v. ANGELO TERLIZZI, Respondent. (And Another Title.)—Appeal by plaintiff from two orders of the Supreme Court, Westchester County, both dated August 13, 1969, (1) one order in an action in which a judgment had been entered dismissing her causes for separation but awarding her alimony and counsel fees and (2) one order in an action in which an interlocutory judgment had been entered directing defendant to account with respect to the assets of the parties. By her brief, plaintiff has excepted from the appeal from the latter order so much of that order as denied defendant's claim to an offset of $1,709.11 and appointed a Referee to supervise the equal division of the parties' assets (the first and third decretal paragraphs, respectively). Order in the accounting action modified, (1) by striking therefrom the second decretal paragraph, which directs that assets be divided equally between the parties, and by substituting therefor a provision that each of the parties shall be entitled to one half and equal division of the personal property itemized in the report of the Referee, after due allowances for the credits and debits stated in defendant's account, as adjusted by the court, upon receipt and consideration of the Referee's report; and (2) by adding thereto a fourth decretal paragraph to the effect that in the final judgment to be entered in the accounting action there shall be added to plaintiff's share of recovery whatever arrears of alimony and award of counsel fees are adjudged to be due to her in the order under review herein in the separation action, as modified herein. As so modified, order affirmed insofar as appealed from. Order in the separation action modified, (1) by striking from the first decretal paragraph thereof the figure " $300.00 " and the date " March 8, 1969 " and substituting therefor the following, respectively: " $900.00 " and " September 28, 1968 "; and (2) by striking from the second decretal paragraph thereof the words " and directing the payment of the expenses of the motion herein " (which relief was denied by the inclusion of these words in this paragraph) and by substituting therefor a separate provision that defendant is directed to pay plaintiff, as her counsel fees, for her attorney's services rendered on the two motions here under review, the sum of $250. As so modified, order affirmed. Appellant is awarded a single bill of costs, to cover both appeals. Upon the instant record, this court is of the opinion that the additional remedies sought by plaintiff, such as requiring defendant to furnish security, directing that plaintiff's recoveries be paid out of any specific assets, directing that a receiver be appointed, and directing that defendant be punished for contempt of court for failure to pay alimony, were properly denied by the learned Special Term. However, in our further opinion, recovery for the $900 undisputably due as arrears in alimony for the period between September 28, 1968 and May 31, 1969 and for counsel fees in the amount herein awarded should have been granted by the learned Special Term; and, in the circumstances of this case, should have been engrafted upon the directions for payment to plaintiff contained in the accounting phase of the outstanding litigation between the parties.

In the final judgment to be entered on the accounting, which is presently pending before the learned Special Term, the latter items may be appropriately incorporated. Rabin, Acting P. J., Hopkins, Latham, Kleinfeld and Brennan, JJ., concur.